NORTHCUTT, Judge.
Commercial Union Insurance Company sought a declaratory judgment that its liability policy insuring Horace Buckhalter’s boat did not cover Buckhalter’s liability for injuries suffered by his son in a boating accident. The circuit court rendered a final summary judgment in Commercial Union’s favor. We affirm.
Buckhalter was operating his boat when it collided with another watercraft, causing serious injuries to his passenger, his adult son Max Buckhalter. Max filed a lawsuit alleging his father’s negligence. It was undisputed that the son had not lived with his father for thirty years.
In its declaratory judgment action, Commercial Union claimed that the family exclusion in the policy barred liability coverage for the incident. That exclusion stated:
Losses not covered — We will not reimburse you for any amount:
[[Image here]]
2. For any liability between or among members of your family.
The policy did not define the term “members of your family.” However, it did contain the following definitions:
“You”, “your” and “yours” mean the insured person.
“Insured person” also means the person on the Declaration Page and any family member who resides with you. It shall also include any person or organization whom you permit to operate the yacht without charge and for private pleasure use only.
“Family member” means a person related to you by blood, marriage or adoption. It also means a ward or foster child.
The Buckhalters assert that the undefined phrase “members of your family” is ambiguous and that it should be confined to family members who reside with the named insured. Commercial Union maintains that the phrase is unambiguous, and it contends that “member of your family” means the same thing as the defined term “family member,” i.e., a person related to the insured by blood, marriage or adoption without regard to whether he lives with the insured. On cross-motions for summary judgment, the circuit court agreed with Commercial Union and held that the policy excluded Max’s claim.
The Buckhalters correctly point out that when relevant policy language is susceptible of more than one reasonable interpretation, one of coverage and another of exclusion, the insurance policy is *951 considered ambiguous. Auto-Owners Ins. Co. v. Anderson, 756 So.2d 29, 34 (Fla.2000). Ambiguous policy provisions are interpreted liberally in favor of the insured and strictly against the drafter. Id. And ambiguous policy exclusions are construed even more strictly against the insurer than coverage clauses. Id. However, these rules apply “only when a genuine inconsistency, uncertainty or ambiguity in meaning remains after resort to the ordinary rules of construction.” Deni Assocs. of Fla., Inc. v. State Farm Fire & Cas. Ins. Co., 711 So.2d 1135, 1138 (Fla.1998) (quoting State Farm Mut. Auto. Ins. Co. v. Pridgen, 498 So.2d 1245 (Fla.1986)).
The policy at issue here distinguishes between family members who reside in the named insured’s household and those who don’t only with respect to which of them is an “insured person” under the policy. It does not do so in regard to the family exclusion. The circuit court correctly determined that the exclusion is not ambiguous.
Affirmed.
PATTERSON, C.J., and GREEN, J., Concur.